UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Esteban Geranimo, | ) | CASE NO.: 4:10CV461 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| Bureau of Prisons, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter appears before the Court on a petition filed by Esteban Geranimo pursuant to 28 U.S.C. § 2241. In his petition, Geranimo contends that the Bureau of Prisons improperly concluded that he participated in a group demonstration and thereafter stripped him of 27 days of good time credits. Upon due consideration, the Court finds no merit in the petition. Therefore, it is ordered that the petition is hereby DENIED.

**I.     Facts**

The documents filed by Geranimo reveal the following facts. On August 27, 2009, a unit manager entered Geranimo's cell block to check on the sanitation of the unit. The unit manager determined that the sanitation standards had not been met. As a punishment, the unit manager ordered that all televisions in the unit would be shut off until the sanitation standards were met. This upset the inmates in the cell block to the extent that they refused to go to chow when called. One inmate in particular, inmate George, apparently acted as a representative of the group of

inmates, explaining that they would not attend chow until the televisions were turned back on. After discussing the matter, prison staff returned to the unit and requested George's ID card in order to later facilitate discipline against him. Another inmate then indicated that if the staff was going to take George's ID card, then the staff should take everyone's ID card. At that point, numerous inmates, including Geranimo, placed their ID cards on a table or threw them on the floor. The staff then collected the ID cards as evidence.

Geranimo then received notice of his discipline for engaging in a group demonstration. Following his hearing, the disciplinary hearing officer ("DHO") determined that Geranimo had engaged in such conduct. In his conclusion, the DHO found that Geranimo lacked credibility because he had previously given inconsistent statements. First, Geranimo indicated that he was in his cell and had not refused to go to chow. Geranimo indicated that he only later placed his ID card on the table and did not know why the others had done so. At a later hearing, Geranimo indicated that he placed his ID card on the table because everyone else had done so, indicating that he was present when that event occurred.

On March 3, 2010, Geranimo filed this instant action. A review of the pleadings and attached documents reveals that Geranimo has no valid cause of action.

**II. Analysis**

An inmate in a prison disciplinary proceeding is entitled to certain minimum due process protections including the following: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2) the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *see also Allen v. Reese*, 52

Fed. Appx. 7, 8 (8th Cir. 2002) (finding that a prisoner was provided due process when he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision). These requirements of due process are satisfied if "there was some evidence from which the conclusion of the administrative tribunal could be deduced[.]" *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927). Accordingly, a disciplinary action should be upheld if it is supported by some evidence. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* Further, a district court has no authority under the guise of due process to review a disciplinary committee's resolution of factual disputes. *Id.* at 455. A review of a decision of a prison disciplinary board does not involve a redetermination of an inmate's innocence or guilt. This court merely ensures that a disciplinary decision is not arbitrary and has evidentiary support. *Id.* at 457.

A bulk of Geranimo's petition challenges the BOP's decisions that his appeals were not properly perfected. Geranimo asserts that this Court must find those decisions to be improper and find that his appeals were proper. As the Court has declined to reach the issue of whether Geranimo properly exhausted his administrative remedies, Geranimo suffered no prejudice from any denial of his appeals. This Court has reviewed the merits of his arguments, regardless of any procedural flaws in how they reached the Court.

The underlying theme of Geranimo's appeal is that the BOP erred when it found that he had engaged in a group demonstration. Specifically, Geranimo takes issue with the finding that he was inconsistent in his statements about the event. As noted above, however, this Court cannot

and will not review credibility determinations made during the disciplinary process. Instead, the Court is instructed to review the record to determine if there is "some evidence" to support the disciplinary conclusion.

A review of the record demonstrates that there was ample evidence to support the conclusion that Geranimo engaged in a group demonstration. Other inmates voiced their displeasure over losing television privileges and encouraged their fellow inmates to leave their ID badges on a table and refuse to go to chow as a show of their displeasure. Geranimo refused to go to chow and left his ID card on the table. While Geranimo seems to insist that this was just a misunderstanding, the BOP certainly had some evidence to support the disciplinary charges.

Furthermore, Geranimo has made no allegations that he was not provided with procedural due process. The record makes clear that he was given written notice of the charges against him, offered the opportunity to present evidence, offered an interpreter, and given a written statement by the DHO stating the evidence that was relied upon in support of the discipline. Accordingly, Geranimo's due process rights were fully honored by the BOP.

To the extent that the Court could construe any other argument in Geranimo's motion, such argument would seem to relate to page limitations related to Geranimo's administrative appeals. As nothing in the appeals process could alter the fact that Geranimo's discipline was supported by some evidence, the Court could not find prejudice on such a claim if in fact it was Geranimo's intention to raise such a claim.

The Court has carefully reviewed the petition and construed it as broadly as possible due to Geranimo's *pro se* status. Even in construing the petition broadly and accepting Geranimo's allegations as true, the Court finds that he is not entitled to relief under § 2241.

**III.     Conclusion**

Having found no merit in the grounds raised by Geranimo, the Court orders that the Petition be DENIED.  The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.   28 U.S.C. § 2253(c); Fed.R. App.P. 22(b).

IT IS SO ORDERED.


March 29, 2010                                                     */s/ John R. Adams*
                                                                            JUDGE JOHN R. ADAMS
                                                                            UNITED STATES DISTRICT JUDGE